**PETERSON WATTS LAW GROUP, LLP**
GLENN W. PETERSON, ESQ. (SBN 126173)
ROBERT K. ASHLEY, ESQ. (SBN 306441)
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222
Fax No: (916) 780-8775

Attorneys for Plaintiff/Counter-Defendant,
*Sourdough & Co., Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOURDOUGH & CO., INC.<br><br>Plaintiff,<br><br>v.<br><br>WCSD, INC., a California corporation; GSD FOODS, INC., a California corporation; GURMINDER BHATIA, an individual; DAVINDER SINGH, an individual; POWERGLIDE HOLDINGS, LLC, a California limited liability company; KALDEEP UPPAL, an individual; KARNDEEP UPPAL, an individual; and SD-FOLSOM, INC., a California corporation; and DOES 1-25,<br><br>Defendants. | Case No.: 2:20-cv-01226-TLN-CKD<br><br>**STIPULATION AND ORDER TO CONSOLIDATE CASES AND MODIFY INITIAL PRETRIAL SCHEDULING ORDER** |
| WCSD Inc. dba West Coast Sourdough<br>100 Pine Street<br>San Francisco, CA 94111,<br><br>Plaintiff,<br><br>vs.<br><br>WESTCOASTSOURDOUGH.COM, a domain name subject to domain name authorities located in this judicial district and JOHN DOEES 1 through 5, inclusive,<br>Defendants.<br><br>AND ALL RELATED COUNTERCLAIMS | Case No.: 2:20-cv-01538-TLN-CKD |

## INTRODUCTION

The parties, through their respective undersigned counsel of record have met and conferred concerning the most efficient and economical way to prepare these cases for trial and dispositive motions prior to trial. The parties jointly represent to the Court the following good cause for consolidation.

1. The claims, defenses and counterclaims underlying this action involve common questions of law and fact, particularly with respect to trademark validity and likely confusion. The prior action, 2:20-cv-01226 ('226 action) involves disputed issues of trademark validity and there are claims and counterclaims seeking trademark cancellation that would have a direct bearing on ownership of the domain name, at issue in Case No. 2:20-cv-01538 ('538 action).

2. It would economize both judicial resources as well as those of the parties herein to join these matters for all purposes, including discovery and trial.

3. Consolidation would also promote the convenience of the parties and other witnesses by ensuring that overlapping witnesses in these cases need sit for deposition or trial testimony only once.

4. If these cases are tried separately to different juries, there is also the potential for inconsistent and conflicting findings of fact; to avoid this, one jury should decide all of the issues underlying trademark validity, ownership and likely confusion or other infringements.

5. Therefore, to expedite, economize and streamline these matters before the Court, and pursuant to FRCP Rule 42(a)(1) the parties jointly represent that consolidation is appropriate in these matters and respectfully ask that the Court order the matters consolidated for all purposes and subject the following schedule.

## ANALYSIS

Under Rule 42 of the Federal Rules of Civil Procedure, a court may consolidate actions when they involve "common questions of law or fact." The decision whether to consolidate is within the court's discretion. *Investors Research Co. v. U.S. Dist. Court*, 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate, the court should consider the interests of judicial convenience against the potential for delay, confusion and prejudice. *Rainwater v. McGinniss*, No.

CIV S-10-1727 GGH P, 2011 WL 5041233, at *1 (E.D. Cal. Oct. 24, 2011). The court may also consider "'the risk of inconsistent adjudications of common factual and legal issues.'" *Ellison Framing Inc. v. Zurich Am. Ins. Co*, Nos. Civ. S-11-0122 LKK/DAD, Civ. S-13-1761 JAM/AC, 2013 WL 6499058, at *3 (E.D. Cal. Dec. 11, 2013) (quoting *Arnold v. E. Air Lines, Inc*., 681 F.2d 186, 193 (4th Cir. 1982)).

## MODIFICATIONS TO INITIAL PRETRIAL SCHEDULING ORDER

The parties jointly request that the Initial Scheduling Order ("ISO") be modified as proposed below. Dates not provided for below would remain as set in the ISO.

### I. DISCOVERY

The parties request that all discovery, with the exception of expert discovery, shall be completed no later **November 30, 2021.** In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary, and where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the Local Rules.

### II. DISCLOSURE OF EXPERT WITNESSES

The parties request that the date for designation of expert witness be **January 31, 2022.** All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than this date. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Federal Rule of Civil Procedure 26(a)(2)(B).

The parties request that the date for supplemental designation of expert witnesses be **February 28, 2022.** Any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party. The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert disclosure by this Order.

### III. SUPPLEMENTAL DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(e), the parties shall exchange any supplemental disclosures and responses (including expert supplemental materials) no later than thirty (30) days prior to the dispositive motion hearing date. Any supplemental disclosures and responses necessary after said date will require leave of Court good cause having been shown.

Except as noted above, all other dates identified in this Court's Initial Scheduling Order would remain unchanged.

DATED: March 30, 2021                **PETERSON WATTS LAW GROUP, LLP**

By: ____/s/ GLENN W. PETERSON____
                GLENN W. PETERSON

Attorneys for Plaintiff/Counter-Defendant

DATED: March 30, 2021                **HUGHEY PHILLIPS**

By: ____/s/ GALEN M. GENTRY____
                GALEN M. GENTRY

Attorneys for Defendants and Cross-Complainant

### ORDER UPON STIPULATION:

Pursuant to the parties' joint Stipulation to Consolidate in this matter, and good cause appearing, the Court now orders these two cases be consolidated under Case No. 2:20-cv-01226-TLN-CKD and rescheduled as noted above.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: March 31, 2021

_____
Troy L. Nunley
United States District Judge