UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOURDOUGH & CO., INC.<br><br>Plaintiff,<br><br>v.<br><br>WCSD, INC., et al.,<br><br>Defendants. | No. 2:20-cv-01226-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendants WCSD, Inc. ("West Coast Sourdough"); GSD Foods, Inc. ("GSD Foods"); Gurminder Bhatia; Gurmeet Bhatia; Davinder Singh; Powerglide Holdings, LLC ("Powerglide"); Kaldeep Uppal; Karndeep Uppal; and SD-Folsom, Inc.'s ("SD-Folsom") (collectively, "Defendants") Motion for Judgment on the Pleadings. (ECF No. 50.) Plaintiff Sourdough & Co., Inc. ("Plaintiff") filed an opposition. (ECF No. 53.) Defendants filed a reply. (ECF No. 55.) For the reasons set forth below, the Court GRANTS Defendants' Motion for Judgment on the Pleadings.

///
///
///
///
///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a dispute between a licensor and its former licensees. Plaintiff is a fast-casual sandwich shop company and alleges it has owned and continuously used the trade name "Sourdough & Co.," in addition to its distinctive trade dress since 2013. (ECF No. 38 at 3.) Defendants GSD Foods, SD-Folsom, Powerglide, Gurminder Bhatia, Karndeep Uppal, Kaldeep Uppal, and Davinder Singh (collectively, "Licensee Defendants") entered into licensing agreements with Plaintiff, permitting them to create and operate fast-casual sandwich shops using Plaintiff's name and trade dress. (*Id.* at 1–3.)

In early 2020, Licensee Defendants terminated their licensing agreements with Plaintiff, and Gurmeet Bhatia founded West Coast Sourdough around that same time. (*Id.* at 3, 7.) According to Plaintiff, Licensee Defendants terminated their licensing agreements with Plaintiff at the behest of Gurmeet Bhatia and entered into new licensing agreements with him to open competitor fast-casual sandwich shops under the West Coast Sourdough brand. (*Id.* at 4.) These new sandwich shops bear the West Coast Sourdough insignia and trade dress, which Plaintiff alleges are identical or confusingly similar to its own. (*Id.*) Plaintiff alleges it did not permit Licensee Defendants to continue to use its name, goodwill, or trade dress after the expiration of their contractual agreements, and "became aware of the License Defendants' infringing conduct in approximately February 2020." (*Id.* at 8–9.)

#### A.   The Prior State Court Litigation

On May 6, 2020, GSD Foods, Davinder Singh, Powerglide, Kaldeep Uppal, and SD-Folsom (collectively, "State-Court Plaintiffs") filed a complaint against Plaintiff and others in the Sacramento County Superior Court, alleging seven causes of action arising from State-Court Plaintiffs' licensing agreements with Plaintiff.[1]  (ECF No. 50-2 at 2; ECF No. 50-3 at 4–25.) The State-Court Plaintiffs allege Plaintiff violated California law by, among other things, failing to provide required disclosures and selling fraudulent, unregistered franchises under the guise of valid trademark licenses. (ECF No. 50-3 at 6–16.) Plaintiff answered State-Court Plaintiffs'

---

[1]   Pursuant to Federal Rule of Evidence 201, the Court GRANTS Defendants' unopposed Request for Judicial Notice. (ECF No. 50-3 at 1–2.)

complaint on June 30, 2020, but did not file any counterclaims. (ECF No. 50-3 at 30–35.) The state-court action is currently pending. (ECF No. 50-2 at 10; ECF No. 50-3 at 46–51.)

### B. The Federal Litigation

On June 17, 2020, Plaintiff filed a Complaint against Defendants, alleging various causes of action and seeking a declaratory judgment as to certain trademarks West Coast Sourdough also claimed ownership to. (ECF No. 1.) Defendants answered the Complaint and brought various counterclaims against Plaintiff. (ECF Nos. 13–15.)

On January 11, 2022, Plaintiff filed the operative First Amended Complaint ("FAC"), alleging: (1) Licensee Defendants infringed upon its trade dress in violation of 15 U.S.C. § 1125(a)(1)(A); (2) West Coast Sourdough and Gurmeet Bhatia contributed to trade dress infringement in violation of 15 U.S.C. § 1125(a)(1)(A); (3) Defendants used a false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A); (4) Defendants engaged in false advertising in violation of 15 U.S.C. § 1125(a)(1)(B) and California Business and Professions Code § 17500; (5) Defendants interfered with Plaintiff's prospective economic advantage; and (6) Defendants engaged in unfair competition. (ECF No. 38.) Defendants answered the FAC and filed counterclaims against Plaintiff, alleging several causes of action under state and federal law.[2] (ECF Nos. 41–43.)

On April 3, 2023, Defendants filed the instant motion for judgment on the pleadings. (ECF No. 50.) Plaintiff filed an opposition and Defendants filed a Reply. (ECF Nos. 53, 55.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." "Rule 12(c) is 'functionally identical' to Rule 12(b)(6)" and the "'same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989). Thus, to survive a motion for judgment on the pleadings, the pleadings

---

[2] Gurmeet Bhatia did not file a counterclaim against Plaintiff.

3

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion); *Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009) (same); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (same). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Thus, a motion for "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). However, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). If the Court "goes beyond the pleadings to resolve an issue," a judgment on the pleadings is not appropriate, and "such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion ... into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"Where a court grants a motion … for judgment on the pleadings under Rule 12(c), leave to amend should be freely given if it is possible that further factual allegations will cure any defect." *Lopez v. Regents of Univ. of California*, 5 F. Supp. 3d 1106, 1113 (N.D. Cal. 2013); *see also Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (courts have discretion to grant leave to amend instead of entry of judgment).

///

///

### III. ANALYSIS

Defendants move for judgment on the pleadings, arguing the claims in Plaintiff's FAC are related to the same transactions in the earlier state court action and must be dismissed pursuant to California Civil Procedure Code[3] § 426.30. (ECF No. 50-2 at 5–10.)

"Federal courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action." *In re Crown Vantage, Inc.*, 421 F.3d 963, 973 n.7 (9th Cir. 2005). Whether Plaintiff's claims in its FAC are compulsory counterclaims that should have been pled in the earlier state court action is a question of state law. *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987).

Under § 426.30(a), "if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded." "'Related cause of action' means a cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint." § 426.10(c).

Section 426.30(a) is designed to prevent piecemeal litigation and is to be liberally construed to effectuate that purpose. *Heshejin v. Rostami*, 54 Cal.App.5th 984, 993 (2020); *Flickinger v. Swedlow Eng'g Co.*, 45 Cal. 2d 388, 393 (1955) ("The law abhors a multiplicity of actions, and the obvious intent of the Legislature in enacting the counterclaim statutes … was to provide for the settlement, in a single action, of all conflicting claims between the parties arising out of the same transaction."). "Thus, a party cannot by negligence or design withhold issues and litigate them in successive actions; he may not split his demands or defenses; he may not submit his case in piecemeal fashion." *Flickinger*, 45 Cal. 2d at 393.

Defendants argue Plaintiff's claims in both the federal and state actions arise out of the licensing agreements and these claims were available to Plaintiff at the time it filed its answer in the state court action. (ECF No. 50-2 at 5–10.) In opposition, Plaintiff argues Defendants waived

---

[3]   All further unspecified statutory references are to the California Civil Procedure Code.

5

§ 426.30 as an affirmative defense by not raising it in their Answer, and in any event, the claims raised in its FAC are not related to its state-court claims. (ECF No. 53 at 4–5.) Plaintiff maintains "related claims" under § 426.30(a) cannot include all potential claims it may have had against Defendants because there is no compulsory claim foreseeability obligation. (*Id.* at 5.) Plaintiff further contends § 426.30(a) does not apply because the parties in the state court action are not identical to the parties in the instant case.[4] (*Id.* at 8–9.)

The Court agrees with Defendants and finds Defendants did not waive their affirmative defense under § 426.30, and Plaintiff's causes of action are related to the causes of action in the earlier state court action and therefore must be dismissed pursuant to § 426.30(a).

As an initial matter, the Ninth Circuit has held that a defendant may raise an affirmative defense for the first time in a motion for judgment on the pleadings, provided the delay in asserting the defense does not prejudice the plaintiff. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Defendants contend there is no prejudice to Plaintiff because Plaintiff can amend its pleadings in the state court action to include the claims it raises in the instant case. (ECF No. 50-2 at 10.) Moreover, Plaintiff does not argue it would suffer any prejudice and has therefore abandoned any prejudice argument. *See Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (failure to raise an issue in an opposition constitutes abandonment).

Second, the causes of action in this case are related to the causes of action in the state court action. Put differently, the causes of action in both cases arise from the now-terminated licensing agreements between Licensee Defendants and Plaintiff. Plaintiff appears to concede this point. (*See* ECF No. 53 at 5 ("Defendants accurately assert their state court action arose from the trademark license agreements SD&Co. entered into with them … ."); ECF No. 38 (alleging

---

[4] Plaintiff also argues: (1) Defendants waived § 426.30 as to five of Plaintiff's claims; (2) Defendants have put at issue all of Plaintiff's claims in this action and should therefore be estopped from asserting § 426.30 as a defense; and (3) judgment on the pleadings is inappropriate because the Court must decide disputed factual matters. (ECF No. 53 at 5–7.) Because these arguments are all derivative of Plaintiff's main argument that Defendants have waived their § 426.30 affirmative defense and the claims in its FAC are not compulsory counterclaims, the Court addresses these arguments together.

several causes of action stemming from the now-terminated licensing agreements).) Nevertheless, Plaintiff contends it did not know it had ripe claims for trade dress infringement and the other causes of action in its FAC at the time it filed and served its answer in the state court action. (ECF No. 53 at 5; *see also* § 426.30(a) (compulsory counterclaim is any related cause of action that existed at the time the answer is served).) However, the plain language of section 426.30(a) does not incorporate a knowledge requirement and Plaintiff fails to cite any legal authority reading one in. In any event, Plaintiff became aware of Licensee Defendants' allegedly infringing conduct as early as February 2020 — approximately four months before it served its answer in the state court action. (ECF No. 38 at 9; ECF No. 50-3 at 35.) Thus, Plaintiff had, at a minimum, constructive knowledge of potential claims against Licensee Defendants arising from their now-terminated licensing agreements at the time it served its answer.

Finally, it is immaterial that the parties in this action are not identical to the parties in the state court action. Although a related cause of action under section 426.30(a) requires the parties in both actions to be identical, *Russo v. Scrambler Motorcycles*, 56 Cal. App. 3d 112, 118 (1976), that requirement is met where the nonparties are part of a single, larger entity, *see Yanny v. Church of Scientology Int'l*, 933 F.2d 1018, 1991 WL 86899, at \*1 (9th Cir. 1991). In the instant case, Plaintiff alleges Gurmeet Bhatia, Gurminder Bhatia, and Karndeep Uppal control several of the entity Defendants and, together with West Coast Sourdough — all nonparties to the state court action — are part of a larger collective run by Gurmeet Bhatia that operates competitor fast-casual sandwich shops that infringe upon its rights. (*See* ECF No. 38 at 1–2, 7.) Thus, by Plaintiff's own admissions, Gurmeet Bhatia, Gurminder Bhatia, Karndeep Uppal, and West Coast Sourdough are part of a single, larger entity with Defendants. *See Laguna Beach Sober Living, LLC v. City of Dana Point*, No. SACV1900024AGJDEX, 2020 WL 947946, at \*3 (C.D. Cal. Jan. 6, 2020) (finding the federal plaintiff not named in the state court action to be the same entity as the state defendant for purposes of section 426.30 where both entities were owned and operated by the same people); *Creative Impact Inc. v. MGA Ent., Inc.*, No. CV 19-07009 AG (ASX), 2019 WL 7906430, at \*4 (C.D. Cal. Nov. 4, 2019) (same).

1  Because the Court determines Plaintiff's causes of action are compulsory counterclaims that should have been brought in the earlier state court action, Plaintiff may not later assert them in this Court. *In re Crown Vantage, Inc.*, 421 F.3d at 973 n.7. Thus, any amendment would be futile. *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008) ("[L]eave to amend will not be granted where an amendment would be futile.").

Accordingly, the Court DISMISSES Plaintiff's FAC pursuant to section 426.30(a) without leave to amend.

### VI. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Judgment on the Pleadings (ECF No. 50). Defendants previously represented to the Court that they "have no intention of continuing to litigate the counterclaims they have asserted in this proceeding if the Court were to grant Defendants' Motion." (ECF No. 55 at 5.) Until Defendants file a notice of voluntary dismissal with the Court, however, this action will proceed on Defendants' counterclaims.

IT IS SO ORDERED.

Date: February 28, 2024

Troy L. Nunley
United States District Judge